[No. 1222.]

THE STATE OF NEVADA ex rel. W. H. DAVENPORT, Attorney General, Relator, *v.* M. HARRIS et al., Respondents.

ELECTION OF SCHOOL TRUSTEES—SECTION 2 OF ACT OF 1885, 111, CONSTRUED— UNCONSTITUTIONAL PROVISIONS.—Section 2 of the act of 1885, 111, providing for the election and term of office of school trustees for five years, is in conflict with the constitutional prohibition declaring that "the legislature shall not create any office the term of which shall be longer than four years," except as otherwise provided by the constitution, and is void.

IDEM—INSEPARABLE PROVISIONS.—The unconstitutional provision is so inseparably connected with the other provisions as to render all of the provisions of the act, in relation to the election of school trustees, void.

*W. H. Davenport*, Attorney General, and *H. F. Bartine*, for Relator:

The last subdivision of section 2 (Stat. 1885, 111) creates terms of five years for school trustees, and is, therefore, unconstitutional, and as there is no way by which this part of the

section can be segregated and nullified without leaving the act partial and incomplete, we claim that all the provisions in relation to the election of school trustees are void. (Scdg. Const. Law, 413–4, and note *a;* Cooley Const. Lim. 214–219; *Dells* v. *Kennedy,* 49 Wis. 556; *Oatman* v. *Bond,* 15 Id. 20; *Slauson* v. *Racine,* 13 Id. 398; *State* v. *Perry,* 5 Ohio St. 497; *Lathrop* v. *Mills,* 19 Cal. 529; *Reed* v. *Omnibus Co.,* 33 Id. 216; *Campau* v. *Detroit,* 14 Mich. 276; *Hinze* v. *People,* 92 Ill. 406; *Com.* v. *Potts,* 79 Pa. St. 164; *State* v. *McClear,* 11 Nev. 39.)

*A. C. Ellis,* for Respondents:

I. The fact that a part of the statute is unconstitutional will not authorize the court to declare the remainder void. (*Evans* v. *Job,* 5 Nev. 342; *Robinson* v. *Bidwell,* 22 Cal. 386; *People* v. *Hill,* 7 Cal. 103; *Mills* v. *Sargent,* 36 Cal. 379.)

By the Court, BELKNAP, C. J.:

This is a proceeding by *quo warranto* to determine whether the school trustees elected under the school law of 1885 (Stat. 1885, 111), or those elected under the amendatory law of 1873, are rightfully entitled to the office of school trustees of Genoa school district No. 2. The controversy arises upon the provisions of section 2 of the act of 1885. The section is as follows: "Sec. 2. An election for school trustees must be held in each district on the second Saturday of May of each year at the district school-house, if there be one; and if there be none, at a place to be designated by the board of trustees. *First*— The number of school trustees for any school district shall be three, except when the number of census children of the preceding year exceeds four hundred, then the board of trustees shall consist of five members. *Second*—In new school districts, or in case of vacancy for any cause in an old one, the school trustees shall be elected to hold office for one, two, and three years respectively, from the first day of September next succeeding their election. *Third*—Except as provided in subdivision second of this section, one trustee shall be elected annually to hold office for three years where there are three trustees, and for five years where there are five trustees, or until his successor shall be elected and qualified." (Stat. 1885, 112.)

It is admitted that the provision which declares that the term

of trustee shall be five years in boards of five trustees is in conflict with the constitutional prohibition declaring that "the legislature shall not create any office the term of which shall be longer than four years;" except as otherwise provided by the constitution (Const., art. 15, sec. 11); but it is insisted that the general provisions of the act may be enforced in school districts of three trustees when the maximum term of office is three years, because this provision is constitutional, and that as to school districts of five trustees elections may be held under the old law of 1873, in lieu of the unconstitutional clause. If the clause providing for the election of five trustees be stricken out, and trustees for districts containing upwards of four hundred census children be elected under the law of 1873, as suggested, the intention of the legislature would be departed from in the following respects: (1) In school districts of upward of four hundred census children, one trustee would not retire from the board of trustees each year. (2) The election of trustees in such districts would take place at the general biennial election, and not during the month of May of each year. (3) The full term of office in districts of three trustees would be three years, and in other districts two and four years. (4) An election in one class of districts would occur annually in the month of May, and in the other biennially at the general election. An unconstitutional provision will not invalidate an entire enactment of the legislature, unless the obnoxious portion is so inseparably connected with the others that it cannot be presumed the legislature would have passed the one without the other. "It is true," said the supreme court of California, in *Lathrop* v. *Mills,* 19 Cal. 530, "that the constitution merely interdicts acts which oppose its provisions, and that if in any act there be found a provision which is constitutional, that provision may be carried out, provided the excepted provision is entirely disconnected from the vicious portions of the act, and the legislature is presumed to intend that, notwithstanding the invalidity of the other parts of the act, still this particular section shall stand. The saving of the particular provision, even when not upon its face unconstitutional, in such instances is therefore a matter of legislative intent. In order to sustain the excepted clause, we must intend that the legislature, knowing that the other provisions of the statute would fall, still willed that this particular section should stand as the law of the land."

Applying these principles, there is nothing in the provisions referred to suggesting an intent upon the part of the legislature that any particular portion of the law of 1885 should stand regardless of the constitutional defects of other portions. If portions were selected out and upheld, two different systems for the election of school trustees would prevail, whereas the legislature apparently intended to establish a plan which should be general throughout the state. Such intent enters so entirely into the scope of the law that upon no principle would a court be warranted in upholding separate provisions of the act. The provisions of the law under which respondents M. Harris, J. Jones, and F. Klotz claim the office of school trustees of Genoa school district No. 2, being unconstitutional and void, a judgment of ouster must be entered against them, with costs. And it appearing that J. Q. Adams, H. Vansickle, and J. S. Childs were lawfully elected school trustees of said school district at a general election held upon the fourth day of November, 1884, and thereafter qualified and entered upon the performance of their duties as said school trustees, and continued therein except as interrupted by respondents, a judgment declaring said Adams, Vansickle, and Childs the lawful school trustees of said school district must be entered. It is so ordered.